## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JOHANA COLON, CHRISTINE RUNDBERG,** AND **ANTHONY WOMACK** ON BEHALF OF THE **ADVANCED DIAGNOSTIC GROUP EMPLOYEE STOCK OWNERSHIP TRUST,**

      Plaintiffs,

v.                              Case No. 8:25-cv-01243-WFJ-LSG

**MOORE & VAN ALLEN PLLC,** AND **MICHAEL E. ZELLER,**

      Defendants.

_____/

## ORDER

Before the Court is Defendants Moore & Van Allen PLLC ("MVA") and Michael E. Zeller's ("Zeller") Motion to Stay Discovery, Dkt. 35, and Plaintiffs Johana Colon, Christine Rundberg, and Anthony Womack's ("Plaintiffs") Response in opposition, Dkt. 36. For the reasons outlined below, the Court grants Defendants' Motion to Stay.

## BACKGROUND

Plaintiffs bring the instant case, derivatively as beneficiaries on behalf of the Advanced Diagnostic Group ("ADG") Employee Stock Ownership Trust ("ESOT"), alleging that Defendant Zeller committed legal malpractice in his representation of

1

GreatBanc Trust Co. ("Greatbanc") as the trustee of the ESOT. Dkt. 22 ¶¶ 1, 2, 14, 102–07. MVA is included as being vicariously liable for Defendant Zeller's purported malpractice. *Id.* ¶ 48. Defendants have moved to dismiss Plaintiffs' sole claim of legal malpractice per Federal Rule of Civil Procedure 12(b)(6); alternatively, they seek to transfer the case to North Carolina pursuant to 28 U.S.C. § 1404(a). Dkt. 32. Additionally, Defendants have filed the instant motion to stay discovery per Federal Rule of Civil Procedure 26(c)(1), pending the Court's ruling on the Motion to Dismiss. Dkt. 35.

## LEGAL STANDARD

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). Furthermore, "[m]atters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. USPS*, 901 F.2d 927, 929 (11th Cir. 1990). Regarding motions to stay discovery, "the moving party bears the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citation modified); *see McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D. Fla. 2006) (holding that the party

moving to stay discovery bears "the burden of showing good cause and reasonableness.").

"In deciding whether to stay discovery pending resolution of a pending dispositive motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the dispositive motion will be granted and entirely eliminate the need for such discovery." *Gen. Dynamics Elec. Boat Corp. v. Skobic*, No. 3:24-cv-387-WWB-MCR, 2024 WL 4188363, at *2 (M.D. Fla. Sep. 13, 2024) (citation modified) (quoting *Feldman*, 176 F.R.D. at 652). In making this determination, courts must first "take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652–53 (citation modified); *see Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 842 (11th Cir. 2020) (permitting courts to use a "preliminary peek" in deciding whether to stay discovery pending a dispositive motion).

The Eleventh Circuit has held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on a failure to state a claim for relief, should be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). Although generally a "stay of discovery should be the exception rather than the rule," *Gen. Dynamics Elec. Boat Corp.*, 2024 WL 4188363, at *3, courts ought to grant such a stay if a defendant's

motion to dismiss is "clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652–53.

## DISCUSSION

Upon taking a "preliminary peek" at the merits of Defendants' Motion to Dismiss, Dkt. 35, the Court finds the motion to be both meritorious and dispositive. *See id.* "While the Court expresses no opinion on the ultimate merits of the motion," the Court recognizes that Defendants have a basis for dismissal significant enough to warrant the relief of a stay. *See In re LoanCare Data Sec. Breach Litig.*, No. 3:23-cv-1508-MMH-MCR, 2024 WL 2318147, at *1 (M.D. Fla. May 22, 2024) (citing *Feldman*, 176 F.R.D. at 652–53).

In the Amended Complaint, Plaintiffs bring a claim of legal malpractice related to Defendant Zeller's representation of Greatbanc as the trustee of the ESOT. Dkt. 22 ¶¶ 102–07. It is alleged that Defendants had both a duty of care and a duty of loyalty owed to the ESOT, and that these duties were respectively breached through a failure to exercise due care and through a succumbing to conflicts of interest. *Id.* ¶¶ 104–05. These breaches arise out of the ESOT's initial acquisition of ADG (radiology center and employer of Plaintiffs), related-party transactions, and the concluding sale of ADG to Akumin (strategic buyer in the radiology space) and the termination of the ESOT. *Id.* ¶¶ 86, 105; Dkt. 36 at 1. Additionally, Plaintiffs assert that these duties were breached due to the failure to identify and advise of

4

legal claims against ButcherJoseph & Co.'s (financial advisor for ADG's initial sellers and partly owned by Defendant Zeller) clients for violations of their shareholder duties to protect the ESOT and its beneficiaries. Dkt. 22 ¶ 105. These breaches then purportedly lost the ESOT $85 million in proceeds from its operation and the sale of its shares, which directly affected Plaintiffs as beneficiaries. *Id.* ¶¶ 106–07.

In its Motion to Dismiss, Defendants seek dismissal of Plaintiffs' Amended Complaint for lack of personal jurisdiction, lack of standing, failure to state a claim, and due to the Amended Complaint being purportedly barred under "North Carolina's statute of repose for legal malpractice claims." Dkt. 35 at 3. The Court will only address the failure to state a claim, as it is dispositive for the present Motion to Stay Discovery. Furthermore, for the purposes of resolving this motion, the Court will utilize Florida law, reserving a later analysis regarding choice of law.

Although unpublished, the Eleventh Circuit has held that Florida courts have declined to "extend an attorney's fiduciary duty to the beneficiaries of a trust whenever an attorney agrees to represent a trustee." *Bain v. McIntosh*, 597 F. App'x 623, 624 (11th Cir. 2015) (citing *In re Estate of Gory*, 570 So. 2d 1381 (Fla. 4th DCA 1990)). Plaintiffs cite to federal common law from various circuits in their assertion that Defendants owed Plaintiffs a fiduciary duty by representing the trustee, Dkt. 36 at 7, but courts in Florida have held that Florida limits an attorney's duties

5

to his client. *See Beaubrun v. Geico Gen. Ins. Co.*, No. 16-24205-Civ, 2017 WL 3284825, at *4 (S.D. Fla. Aug. 1, 2017) ("[T]he Eleventh Circuit made clear that Florida law limits a lawyer's duties solely to his or her client rather than to an estate or its beneficiaries."); *see also Walther v. Kane*, No. 6:13-cv-472-Orl-37GJK, 2014 U.S. Dist. LEXIS 100991, at *8–9 (M.D. Fla. July 24, 2014) (concluding that the attorney for a trustee does not owe a fiduciary duty to the beneficiaries of the trust under Florida law). Therefore, case law would tend toward Defendants not owing a fiduciary duty to Plaintiffs, which is the foundation of Plaintiffs' claim of malpractice.

Based upon this "preliminary peek" at Defendants' Motion to Dismiss, in light of Plaintiffs' Amended Complaint, the Court finds that the possibility of dismissal is significant enough to stay discovery. The Court finds this to be an appropriate opportunity to eliminate "potentially unnecessary and costly discovery." *Clark Capital Mgmt. Grp. v. Avior Wealth Mgmt.*, LLC, No. 3:23-cv-1467-HES-JBT, 2024 WL 4007197, at *1 (M.D. Fla. May 21, 2024). Having balanced the harm of delay in discovery against the possibility the Motion to Dismiss will be granted and eliminate the need for such discovery, the Court grants the Motion to Stay Discovery and orders that discovery should be stayed pending the resolution of Defendants' Motion to Dismiss. *See Feldman*, 176 F.R.D. at 652.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Defendant's Motion to Stay Discovery, Dkt. 35, is **GRANTED**.

(2) Discovery is to be **STAYED**, pending the resolution of Defendants'

   Motion to Dismiss, Dkt. 32.

**DONE AND ORDERED** in Tampa, Florida, on October 15, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record