UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHANA COLON, CHRISTINE RUNDBERG**, AND **ANTHONY WOMACK** ON BEHALF OF THE **ADVANCED DIAGNOSTIC GROUP EMPLOYEE STOCK OWNERSHIP TRUST**,

    Plaintiffs,

v.       Case No. 8:25-cv-1243-WFJ-LSG

**MOORE & VAN ALLEN PLLC**, AND **MICHAEL E. ZELLER**,

    Defendants.
_____/

## ORDER

Before the Court is Defendants Moore & Van Allen PLLC ("MVA") and Michael E. Zeller's ("Zeller") Motion to Dismiss and to Transfer Venue. Dkt. 32. Plaintiffs Johana Colon, Christine Rundberg, and Anthony Womack responded in opposition, Dkt. 38, and Defendants replied. Dkt. 40. Furthermore, both parties submitted supplemental briefings for consideration by the Court, and the Court held a hearing. Dkts. 69, 71. For the reasons outlined below, the Court grants-in-part Defendants' motion.

Defendant Zeller is a partner at MVA, a law firm located in Charlotte, North Carolina. Dkt. 32-1 ¶ 2. In the underlying matter, Zeller served as counsel to the

1

trustee in connection with the Advanced Diagnostic Group ("ADG") Employee Stock Ownership Trust ("ESOT"). Dkt. 32-1 ¶ 3. Plaintiffs, who were employees of ADG and participants in the Employee Stock Ownership Plan ("ESOP"), Dkt. 22 ¶¶ 7 – 9, seek to bring this action derivatively as trust beneficiaries on behalf of the ESOT. *Id.* ¶ 14. Zeller and his firm never represented the Plaintiffs or had a relationship with them. Zeller represented the Illinois-based trustee, GreatBanc. Dkt. 32-1 ¶ 3. GreatBanc declined to sue Zeller. Dkt. 32 at 3.

Plaintiffs previously sued GreatBanc in its capacity as trustee of the ESOT, *Colon v. Johnson*, No. 8:22-CV-888-TPB-TGW, 2024 WL 5131566 (M.D. Fla. Dec. 17, 2024) (granting settlement of class action suit), and now sue the trustee's attorney. *See generally* Dkt. 22. Plaintiffs bring a singular claim of legal malpractice against Defendants, alleging that Defendant Zeller committed legal malpractice in his representation of GreatBanc as the trustee. *Id.* ¶¶ 102–07. Defendants have moved to dismiss Plaintiffs' claim of legal malpractice per Federal Rule of Civil Procedure 12(b)(6); alternatively, they seek to transfer the case to the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a). Dkt. 32. The Court now analyzes this matter as related to the issue of transfer.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to

2

an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "The standard for transfer under § 1404(a) leaves much to the broad discretion of the trial court." *Eye Care Int'l, Inc. v. Underhill*, 119 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000) (citations omitted). The following is the two-step analysis that must be satisfied to transfer an action to another district.

First, the transferee venue must be a "district or division where [the action] might have been brought," meaning the transferee forum must have personal jurisdiction and offer a proper venue. 28 U.S.C. § 1404(a); *see Hoffman v. Blaski*, 363 U.S. 335, 342–44 (1960) (determining that transfer is only appropriate to a jurisdiction where the action could be transferred without requiring defendant's consent to personal jurisdiction or venue). The Western District of North Carolina satisfies this requirement.

The Court finds that personal jurisdiction in the Middle District of Florida as to Zeller is thin, at best, under Florida law. Established Florida precedent requires a plaintiff to file a contrary affidavit once a defendant contests jurisdiction by sworn declaration; if the plaintiff fails to do so, the court may rely on the defendant's declaration in resolving the jurisdictional issue. *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). Here, Plaintiff has failed to file a contrary affidavit disputing Defendant Zeller's declaration, *see* Dkt. 32-1, leaving the Court with an

3

unrebutted record demonstrating, at best, a tenuous basis here for personal jurisdiction. Plaintiffs are suing a North Carolina lawyer for legal malpractice undertaken in North Carolina for GreatBanc, an Illinois client.

The Court finds that both personal jurisdiction and venue are solidly established as to the Western District of North Carolina, where Defendants are located and where the alleged malpractice occurred. Dkt. 32-1 ¶ 4 ("The entirety of my representation of GreatBanc, primarily involving document review and revision, email correspondence, and telephone conferences occurred in North Carolina.").

Second, the Eleventh Circuit requires a district court to determine whether transfer is appropriate by weighing a number of factors. *See Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1376 (S.D. Fla. 2003) (citations omitted) (listing the following factors: "1) the convenience of the parties; 2) the convenience of the witnesses; 3) the relative ease of access to sources of proof; 4) the availability of process to the presence of unwilling witnesses; 5) the cost of obtaining the presence of witnesses; and 6) the public interest."). The convenience of the witnesses is considered "the most powerful factor governing the decision to transfer." *Wilson v. HH Savannah, LLC*, No. 8:20-cv-643-T-02AEP, 2020 WL 3490142, at *3 (M.D. Fla. June 26, 2020) (citation omitted). Although a plaintiff's choice of forum is initially given deference, transfer is ultimately considered proper when plaintiff's choice is "clearly outweighed" by the aforementioned factors. *See SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101 (11th Cir. 2004).

Regarding witnesses to the alleged legal malpractice—few, if any, are in Florida. There is no evidence Zeller ever communicated with any plaintiff in Florida or anywhere else at any time. Moreover, the present legal malpractice claim is against a North Carolina-barred attorney, and MVA, his law firm based out of Charlotte, North Carolina, Dkt. 32-1 ¶ 2. This will require familiarity with substantive North Carolina law in determining the applicable standard of care for North Carolina attorneys. The North Carolina forum is most familiar with North Carolina professional responsibility law. North Carolina has an interest in regulating and supervising its licensed lawyers. The Florida court has no familiarity with this law. This determination will also require expert witnesses who will likely be located in North Carolina. The pertinent records of the representation were created and no doubt kept in North Carolina. *See id.* ¶ 4.

The Florida-based plaintiffs (beneficiaries of the trust) would appear to have no involvement or personal knowledge about Zeller's representation of the Illinois client GreatBanc. In light of the central role North Carolina plays in this claim against the Charlotte lawyer practicing in Charlotte, the Court finds that the relevant factors weigh in favor of transfer to the district where the alleged tort was committed and where Defendants reside, where the relevant evidence is based and the controlling law is based. Indeed, whether this case stays in Florida or moves to North Carolina, almost all of the underlying lawyer liability case will be discovered and

established outside of Florida, mostly in North Carolina. These considerations clearly outweigh any deference initially afforded to Plaintiff's choice of forum.

In short, the relevant factors cited above almost all favor transfer, in the face of a very thin case of personal jurisdiction and tenuous connection of the cause of action to the present Florida forum. Movant has satisfied the burden to support transfer.

Therefore, the Court finds it proper to transfer the instant action to the Western District of North Carolina. Accordingly, the following is **ORDERED**:

1. Defendants Moore & Van Allen PLLC and Michael E. Zeller's Motion to Dismiss and to Transfer Venue, Dkt. 32, is **GRANTED-IN-PART**.

2. The Clerk is directed to **TRANSFER** this case to the United States District Court for the Western District of North Carolina for all further proceedings. Following transfer, the Clerk is directed to terminate any pending motions and deadlines and **CLOSE** the case.

**DONE AND ORDERED** at Tampa, Florida, on January 12, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record